## WILLIAM E. HODEL *vs.* STATE OF MARYLAND.

*Construction of Statute Relating to Sheriff of Allegany County*
*—Indictment for Perjury in Making Report of Expendi-*
*tures—Evidence—Different Penalties for Violation of*
*Different Parts of Statute.*

The Act of 1904, Chap. 213, relating to Allegany County, pro-
vides that the County Commissioners shall allow to the sheriff
the actual sum of money expended by him in purchasing food
and essential clothing for the prisoners in jail, but that no
allowance for expenditures should be paid or credited to the
sheriff unless the same be reported under oath by him, which
oath shall show that the expenditures were lawfully incurred,
and that the sheriff himself has not derived any profit there-
from, or consumed or appropriated to himself any part of
such purchases. The Act provided that all false swearing
in such report and affidavit shall be deemed perjury and be
punishable as such. Upon an indictment for perjury against
a sheriff under this statute, the evidence showed that the
sheriff reported that he had expended certain money in pur-
chasing designated kinds of food for the prisoners in jail,
and made affidavit that the report was correct, and that he
had not himself derived any profit from the purchases or
consumed or appropriated to himself any part thereof; also
evidence that some of the articles so purchased were not for
the use of the prisoners in jail. *Held*, that although the ac-
counts of the persons supplying these articles were made out
against the County Commissioners and payment was made

therefor by them, and not by the sheriff himself, yet such payment was made upon the report and affidavit of the sheriff, and was in effect the same as if the allowance had been made to him for an expenditure, and evidence of his report. and affidavit, and of the falsity thereof is admissible under the indictment.

The Act of 1904, Chap. 213, provides, among other things, that all false swearing in the report of the Sheriff of Allegany County as to expenditures made by him shall be deemed perjury and punishable as such. The Act also provides that any violation of its requirements shall constitute a misdemeanor and be punishable upon conviction by forfeiture of office, or fine, or imprisonment, or by all three, in the discretion of the Court. *Held,* that these provisions as to punishment for violation of the Act are not repugnant, and that the sheriff, found guilty of making a false report as to expenditures, is liable to the punishment prescribed for perjury.

*Decided January 12th, 1910.*

Appeal from the Circuit Court for Allegany County (BOYD, C. J., and KEEDY, J.).

The cause was argued before BRISCOE, PEARCE, SCHMUCK-ER, BURKE and THOMAS, JJ.

*Ferdinand Williams* and *J. Philip Roman* (with whom was *De Warren H. Reynolds* on the brief), for the appellant.

*Isaac Lobe Straus, Attorney-General,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The traverser was indicated for perjury, in the Circuit Court for Allegany County, on the 28th of April, 1909, for violation of the provisions of the Act of 1904, Chapter 213, an Act to repeal and re-enact with amendments section 227 of Article 1 of the Code of Public Local Laws, entitled "Allegany County," sub-title "Sheriff," as enacted by the Acts of 1902, Chapter 202.

To the indictment he pleaded not guilty, and upon the first trial, the jury disagreed, and was discharged.

Upon a second trial, he was found guilty by a jury and on the 26th of June, 1909, was sentenced by the Court to confinement in the Maryland Penitentiary for the period of one year. And from the judgment so entered against him this appeal has been taken.

It appears from the docket entries in the case that the plea of not guilty was withdrawn at the second trial, and a demurrer was interposed to the indictment, and that the demurrer was overruled. The record in the case does not contain the demurrer but as it has been argued at the hearing as if regularly in the case, we shall consider it as if it was properly before the Court.

In the course of the trial the traverser reserved a single exception to the ruling of the Court upon the admissibility of evidence and that was to the action of the Court in overruling the traverser's objection to the introduction in evidence of the report, account and vouchers of the traverser, as sheriff of Allegany County, for the month of November, 1908, to the County Commissioners of Allegany County. And this constitutes the first and only exception presented by the record.

The Act of 1904, Chapter 213, upon which the indictment is based, provides in part, that the County Commissioners of Allegany County shall allow the sheriff certain enumerated expenses mentioned in the Act, and by the sixth paragraph, they shall allow the sheriff, the actual sum of money expended by him in purchasing food and essential clothing for the prisoners in jail * * *, and they shall allow and pay the sheriff, for no other or further expenses whatsoever, upon any pretext, unless the unenumerated expenses, shall have been previously and specially ordered by the board, in session. And it is specially provided by the Act, that no allowance for expenditures shall be paid or credited to the sheriff unless the same shall be reported under oath by the sheriff to the Board of Commissioners once in each month in writ-

ing, which oath shall show that the expenditures above
enumerated when made are correct and have been honestly
and lawfully incurred and that the sheriff himself has not de-
rived any profit from the purchase thereof, or consumed or ap-
propriated to himself or permitted his deputy to appropriate
to himself any part of such purchases; that each expenditure
or purchase was reasonable and necessary and the price thereof
was not in excess of the market price thereof, which report and
affidavit shall be accompanied by properly itemized vouchers
or certificates showing for whom and for what purpose the
same were made. All false swearing in such report and affida-
vit shall be deemed perjury and be punished as such. The
sheriff shall also include in the monthly report a full state-
ment of all fines and costs by him collected, and shall pay the
same over to the county treasurer. Any violations of the re-
quirements of this Act, or failure to comply therewith shall
constitute a misdemeanor and be punished upon conviction,
by forfeiture of office and fine or imprisonment, or by all
three, in the discretion of the Court.

The indictment consists of two counts and they in sub-
stance charge, that the traverser, did on the 1st day of De-
cember, 1908, at Allegany County, before Joseph A. Gonder,
a justice of the peace of the State of Maryland, in and for
Allegany County, in the manner and form, as set out in the
indictment falsely, corruptly, and unlawfully commit wilful
and corrupt perjury.

The particular offense or the specific perjury charged in
the indictment, is the false affidavit or false swearing to the
sheriff's report and account submitted by the sheriff, for the
month of November, 1908, to the County Commissioners of
Allegany County.

The Act of 1904, *supra*, declares that "all false swearing
in such report and affidavit shall be deemed perjury and be
punished as such."

It appears from the record, that the report of W. E. Hodel,
Sheriff of Allegany County, for the month of November,
1908, to the County Commissioners of Allegany County,

shows, "that he has expended and craves allowance for the expenditures set out below, as follows:" For actual sum expended in purchasing food and clothing for the prisoners in jail, as per vouchers annexed, to wit:

John M. Street.............................$40.14

L. Neubiser and Son........................ 64.54

This report, account and vouchers were submitted and signed by W. E. Hodel, Sheriff of Allegany County, and the following affidavit, as required by the Act of 1904, annexed thereto, in these words:

STATE OF MARYLAND, ALLEGANY COUNTY, *to wit*—

"I hereby certify that on this 1st day of Dec., 1908, before me, the subscriber, a Justice of the Peace of the State of Maryland in and for Allegany County aforesaid, personally appeared W. E. Hodel, Sheriff of Allegany County, Maryland, and made oath in due form of law that the expenditures set out in the above report are correct and have been honestly and lawfully incurred, and the said Sheriff has himself not derived any profit from the purchases thereof or consumed or appropriated to himself, or permitted his deputy to appropriate to himself, any part of said purchases; that each expenditure or purchase was reasonable and necessary, and the price thereof was not in excess of the market price therefor, and that the items, vouchers and certificates attached to the above report show correctly from whom and for what purposes the said purchases were made.

Jos. A. GONDER,

Justice of the Peace."

It further appears that the bills of Street and Neubiser as set out in the record, and as charged in the indictment, were made out entirely for loaves of bread and for beef, respectively.

The testimony, however, on the part of the State, shows that while the Street account was made out for only bread, that other articles had been delivered to the sheriff, to wit, pies, cakes, creams, buns, etc., and had been charged as bread, according to the express orders of the sheriff. The

witness Korns, the bookkeeper for Street, testified that the bill has been correctly made out, but was returned by Hodel to him, and he was instructed that it "be made out all bread, that was the way he wanted it made out." The proof as to the Neubiser bill was to the effect, that while correct in amount, beef was not the only meat delivered, but the greater part of the blll was for other meats, to wit, chicken, veal, ham, pork, etc., and that the bill was made out all beef, upon direction of the sheriff. And it is stated in the appellee's brief, "that the State proved by John Labor, that the prisoners did not receive any of the pies, cakes, lamb, veal, ham, chickens, etc., but only the beef bought from Neubiser and the bread bought from Street, and these facts were not denied by the traverser.

The indictment it will be seen, is in the usual form and accurately describes the offense, with some degree of particularity, as perjury, within and in violation of the Act of 1904, in false swearing in the report and affidavit, herein set out. The evidence is uncontradicted and clearly sustains the charge in the indictment, and the record fails to disclose any evidence tending to explain or deny the charges.

It is urged, however, that the Court below committed an error, in admitting in evidence the bill, voucher, account and affidavit, as set out in the traverser's bill of exceptions, upon the ground that the statute does not require the sheriff to make affidavit to the accounts of the merchant who sells provisions for the jail, but only requires the affidavit when he, the sheriff, is claiming an allowance from the commissioners for expenditures made by himself, therefore, the affidavit admitted by the Court was extra judicial, not required by the statute and was not perjury in law, even if it was false, but a mere voluntary affidavit.

There can be no sound objection we think to the admissibility of this evidence. By the very terms of the Act, the money expended, in purchasing food and essential clothing for the prisoners in jail, was to be allowed to the sheriff, and no allowance for such expenditures could be paid or credited

to him, unless the same was reported under oath by the sheriff to the County Commissioners once in each month in writing, and his report and affidavit had to be accompanied by properly itemized vouchers or certificates showing for whom and for what puropses the same were made. And by the very terms of the statute, all false swearing in the report and affidavit is declared to be perjury and be punished as such. The County Commissioners would not have been authorized, except upon a report by the sheriff, as provided by the statute, to have allowed the expenditures, in purchasing food for the prisoners in jail, and these expenditures were included in his report.

The report and oath of the traverser, as sheriff of the county, formed the very basis of the charge in the indictment and their introduction as evidence was not only pertinent and material to the issue and inquiry, but were admissible as original primary evidence in the case. The bills of Street and Neubiser were set forth in the report of the sheriff "as actual sums expended in purchasing food for the prisoners in jail, as per voucher annexed." Besides this, the report made by the sheriff states, that "he has expended and craves allowance for the expenditures set out below."

The construction of the Act, here contended for, would not only sanction an evasion of the Act, but would defeat the manifest intent and purpose of the Legislature in passing it.

The ruling of the Court, in admitting this evidence, was therefore entirely correct.

We come now to consider the case as presented by the demurrer.

It is contended upon the part of the appellant that as the Act of 1904, Chapter 213, provides that all false swearing in the report and affidavit shall be deemed perjury and be punished as such, and also provides that any violation of the requirements of this Act or failure to comply therewith shall constitute a misdemeanor and be punished upon conviction by forfeiture of office and a fine or imprisonment or by all three in the discretion of the Court, the Act provides two

punishments. And as these two provisions for punishment are repugnant, the Court has no authority to impose either punishment.

The conclusive answer to this contention, is to be found in the Act itself.

The indictment and conviction in this case is for perjury under the Act. The Act itself declares that all false swearing in such report and affidavit shall be deemed perjury and be punished as such. There may be penalties prescribed against violation of the requirements of the Act or failure to comply therewith, but we are here dealing with a prosecution for false swearing in the report and affidavit, and this the statute declares shall be perjury and be punished as such. We are not here concerned with the violation of its requirements or failure to comply therewith, in other respects.

Finding no error in the rulings of the Court, the judgment will be affirmed.

*Judgment affirmed.*